IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America,<br>            Plaintiff,<br>vs.<br><br>James T. McLaren,<br><br>            Defendant. | Civil Action No. 3:20-cv-2714-CMC-PJG<br><br>**ORDER** |

On July 23, 2020, the Government filed this tax case seeking a judgment against James T. McLaren ("McLaren") for unpaid individual federal income taxes, plus statutory penalties and interest, for tax years 2003 through 2009 and 2012 through 2015. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for a Report and Recommendation on the Government's motion for summary judgment. ECF No. 26. Although McLaren is a licensed attorney in South Carolina, he is proceeding *pro se* in this action. Accordingly, the court entered a *Roseboro*[1] order notifying McLaren of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the Government's motion. ECF No. 27. McLaren filed a response in opposition to the motion, ECF No. 36, and the Government filed a reply. ECF No. 38.

On August 13, 2021, the Magistrate Judge issued a Report and Recommendation ("the Report"), recommending the court grant the Government's motion for summary judgment. ECF No. 41. McLaren filed three objections to the Report, ECF No. 43, and the Government filed a

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

reply. ECF No. 44. The case is presently before the court to consider the Report and McLaren's three objections in resolving the Government's motion for summary judgment.

**I.**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court only reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (in absence of a timely filed objection, district court need not conduct a *de novo* review of Magistrate Judge's report and recommendation, but instead must only satisfy itself there is no clear error on the face of the record in order to accept the recommendation).

The summary judgment standard is well-settled. Pursuant to Federal Rule of Civil Procedure 56 ("Rule 56"), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to a material fact exists if the evidence, viewed in the light most favorable to the nonmoving party and drawing all reasonable inferences in the nonmoving party's favor, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), "is such that a reasonable jury could return a verdict for the nonmoving party," *id.* at 248. Under this standard,

2

"the mere existence of a scintilla of evidence" in favor of the nonmovant's position is insufficient to withstand a properly supported motion for summary judgment. *Id.* at 252. The same is true of mere conclusory allegations or denials. *Wai Man Tom v. Hospitality Ventures*, *LLC*, 980 F.3d 1027, 1037 (4th Cir. 2020).

In regard to procedure, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, **affidavits or declarations**, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(1)(A)–(B) (emphasis added). An Affidavit is "[a] voluntary declaration of facts written down and sworn to by a declarant, [usually] before an officer authorized to administer oaths." *Black's Law Dictionary* 70 (11th ed. 2019). Notably, a signed, dated, but **unsworn Declaration** executed within the United States may be considered as evidence for summary judgment purposes in lieu of an affidavit only if the declarant subscribes to the statements contained therein "as true under penalty of perjury . . . in substantially the following form: . . . 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.'" 28 U.S.C. § 1746(2). *See also United States ex rel. Doe v. Heart Solution, PC*, 923 F.3d 308, 315–16 (3d Cir. 2019) (unsworn statement not given under penalty of perjury as set forth in 28 U.S.C. § 1746 cannot be considered on summary judgment); *Willard v. IRS*, 776 F.2d 100, 102 n.3, 5 (4th

3

Cir. 1985) (citing 28 U.S.C. § 1746 as authority for holding unsworn Declarations made under penalty of perjury are permitted in lieu of affidavits on summary judgment).

Moreover, "although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that a jury would not be required to believe." *Reeves v. Sanderson Plumbing Products,* 530 U.S. 133, 151 (2000). This means, "the court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that the evidence comes from disinterested witnesses." *Id.* (*quoting 9A C. Wright & A. Miller, Federal Practice and Procedure* § 2529, p. 300 (2d ed. 1995)). Next, [w]hen the moving party has carried its burden, the nonmoving party must come forward with evidence which shows more than some 'metaphysical doubt' that genuine and material factual issues exist." *Austin v. Clark Equipment Co.*, 48 F.3d 833, 836 (4th Cir. 1995) *(quoting Matsushita Elec. Indus. Co. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). The nonmoving party may not circumvent summary judgment by presenting a mere scintilla of evidence. *Id.* "Rather, the nonmoving party must convince the court that upon the record taken as a whole a rational trier of fact could find for the nonmoving party." *Id.*

**II.**

Before launching into the particulars of the present dispute, the court must set the stage with a review of the relevant portions of the federal tax code and applicable case law. Section 1 of the Internal Revenue Code ("IRC") imposes a federal tax on the taxable income of every individual. 26 U.S.C. § 1. IRC § 63 defines "taxable income" as gross income minus allowable deductions, *id.* § 63, and IRC § 61 provides "gross income means all income from whatever source

4

derived," including compensation for services, *id*. § 61.  IRC §§ 6001 and 6011 provide a person must keep records and file a tax return for any federal income tax for which he is liable*. Id.* §§ 6001, 6011.  IRC § 6012 provides every individual with gross income equaling or exceeding the exemption amount in a taxable year must file an income tax return.  *Id.* § 6012.  Indeed, the duty to pay federal income taxes is "manifest on the face of the statutes, without any resort to [Internal Revenue Service] rules, forms or regulations."  *United States v. Bowers,* 920 F.2d 220, 222 (4th Cir. 1990).  The Internal Revenue Service ("IRS") is the arm of the Government charged with administering and enforcing our Nation's tax laws.  Treasury Order Nos. 150-10 (1982), 150-37 (1955) (delegating authority from Secretary of the Treasury to the Commissioner of the IRS to administer the IRC).

Under IRC § 6501, the Government generally has three years after a return is filed to assess any tax.  26 U.S.C. § 6501.  IRC § 6502 in turn limits the Government to ten years from the date of assessment to collect by levy or court proceeding any tax assessed upon a taxpayer.  *Id.* § 6502(a).  The three-year statute of limitations begins to run only after the taxpayer's "return was filed . . . ."  *Id.* § 6501(a).  "In the case of failure to file a return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time." *Id.* § 6501(c)(3).  At all times relevant to this case, IRS Form 1040, entitled "U.S. Individual Income Tax Return," is the form of tax return at issue.

Under IRC § 7502, the general rule is a return is deemed filed on the date of the postmark stamped on the envelope in which the document is mailed.  *Id.* § 7502   If a taxpayer sends his individual return by United States registered mail, the registration is *prima facie* evidence the

5

return was delivered to the IRS and the date of such registration is deemed the postmark date. *Id.* § 7502(c). If the return is sent by United States "certified mail and the sender's receipt is postmarked by the postal employee to whom the document . . . is presented, the date of the U.S. postmark on the receipt is treated as the postmark date of the document . . . ." 26 C.F.R. § 301-7502-1(c)(2). A return "filed electronically with an electronic return transmitter . . . in the manner and time prescribed by the Commissioner is deemed to be filed on the date of the electronic postmark . . . given by the authorized electronic return transmitter." *Id.* § 301-7502-1(d).

The law is well established in a deficiency action seeking judgment against a taxpayer for unpaid federal income taxes, the Government must first establish a *prima facie* case showing the taxpayer is liable for the amount of tax deficiency alleged in the complaint. *Higginbotham v. United States*, 556 F.2d 1173 (4th Cir. 1973). "Because the IRS's determination that a tax is owed is presumed correct," on summary judgment, the Government may establish a *prima facie* case by submitting certified copies of IRS Form 4340, entitled "Certificates of Assessments and Payments and Other Specified Matters" ("Certificates of Assessments"). *United States v. Sarubin*, 507 F.3d 811, 816 (4th Cir. 2007). Certificates of Assessments are the official version of a taxpayer's Account Transcript from the IRS's Integrated Data Retrieval System. ECF No. 26-2 at 3. An Account Transcript tracks events affecting a taxpayer's account for a particular tax period, including tracking the date the taxpayer filed a return, the date the IRS made an assessment, and the date the IRS received a payment. *Id.*

In support of its motion for summary judgment, the Government submitted, *inter alia*, the Declaration under penalty of perjury of IRS Revenue Officer Walter Hayes ("Officer Hayes"),

6

accompanied by exhibits A through X.  ECF No. 26-2.  Exhibits A through K are copies of McLaren's Account Transcript for each tax year at issue.  ECF No. 26-2 at 8–42.  Exhibits L through V consist of the corresponding certified copies of the Certificate of Assessments for each tax year at issue.  *Id.* at 3, 43–104.  Finally, Exhibit X consists of a single page entitled "Payoff Calculator" listing balances due by McLaren for the tax years at issue.  *Id.* at 105–06.

The following information is based upon Officer Hayes' Declaration and attached exhibits.  Prior to April 2011, the Government has no record of McLaren filing income tax returns for tax years 2003 through 2009.  ECF No. 26-2 at 1–4, 8–104.  During 2010 and continuing up through early 2011, the Government calculated McLaren's federal income tax liability for tax years 2003 and 2007 and then formally assessed those amounts against him along with statutory additions to tax such as accrued interest and penalties.  *Id.* at 2, 10; 26 U.S.C. § 6020(b)(1) ("If any person fails to make any return required by any internal revenue law . . . at the time prescribed therefore . . . , the Secretary [of the Treasury] shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise.").  Notably, the assessment for tax year 2003 was initially made on July 26, 2010, creating an initial ten-year tax collection window set to close on July 26, 2020.  ECF No. 26-2 at 4, 6.  This window was ultimately extended sixty-four days until September 28, 2020, due to its tolling via the pendency of an installment agreement requested by McLaren.  *Id.* at 10; ECF No. 38-1 at 3–4.

The Government's records show in April and May of 2011, McLaren's power of attorney filed federal income tax returns on his behalf for tax years 2003 and 2007, along with returns for 2004, 2005, 2006, 2008, and 2009.  ECF No. 26-2 at 4, 10, 14, 17, 20, 23, 26, 29.  Upon the

7

Government's acceptance of these returns, it adjusted McLaren 's liabilities for tax years 2003 and 2007 to reflect the amount of federal income tax due based upon his submitted returns. *Id.* at 4–6. It also assessed McLaren's federal income tax liability for tax years 2004, 2005, 2006, 2008 and 2009. *Id.* The Government's records also show McLaren filed federal income tax returns for 2012 through 2015, but nonetheless failed to pay the federal income taxes due under those returns. *Id.* at 4. Thereafter, the Government timely assessed McLaren's federal income tax liabilities for tax years 2012 through 2015, including penalties and interest. *Id.* at 4–5. As of June 1, 2021, the Government asserts McLaren's balance of unpaid income taxes, interest, and penalties for tax years 2003 through 2009 and 2012 through 2015 totals $3,349,050.56. *Id.* at 6. On summary judgment, the Government contends it has established its *prima facie* case to demonstrate McLaren owes the amount claimed through Officer Hayes' Declaration and exhibits attached to his Declaration, including the Certificates of Assessments for each tax year at issue. ECF No. 26-1 at 8–9. The Government further contends "[p]enalties and interest will continue to accrue after June 1, 2021, as provided by law, until the balance is paid in full." *Id.* at 5.

In response, McLaren filed a document entitled "RESPONSE AND DECLARATION IN OPPOSITION TO SUMMARY JUDGMENT" ("McLaren's Response"). ECF No. 36 at 1. The following sentence appears just before the signature block with McLaren's signature: "The undersigned affirms that this declaration is made in good faith and the facts set forth herein are based upon my personal knowledge and are believed to be truthful and accurate." *Id.* at 2. Notably, McLaren did not execute this document under oath or under penalty of perjury. As far as the contents of McLaren's Response, the court notes McLaren challenges neither the amounts of tax

8

assessments for any tax year at issue, nor his obligation to pay his tax debt for tax years 2012 through 2015. *Id.* at 1. Rather, McLaren solely challenges his obligation to pay his tax debt for tax years 2003 through 2009 on the basis the Government's claims for those years are beyond IRC § 6502's ten-year collection window. *Id.* at 1–2. In support, McLaren "avers that the 2003-2009 tax returns were filed when due, and as a result, [the Government's] claim for those periods are time barred." *Id.* at 2. In the next sentence, McLaren states he "personally prepared and filed the returns." *Id.*

In opposition to the Government's motion for summary judgment, McLaren also points to documents he turned over in discovery purporting to be his "file copies" of the individual returns he states in his Response he timely filed for tax years 2003 through 2009. *Id.* at 1. These documents are part of the summary judgment record via Exhibit 7 to the Government's motion for summary judgment. ECF Nos. 26-3 at 3, 6, 26-8, 26-9, 26-10. The court takes time here to describe relevant details of these documents for purposes of analysis later. With the exception of tax year 2006, McLaren's purported file copies are copies of individual returns, *i.e.*, IRS Form 1040. For tax year 2006, the purported file copy consists of: (1) a partnership return, *i.e.*, IRS Form 1065, for the legal-service partnership of "McLaren and Lee," bearing McLaren's signature and dated October 15, 2007; and (2) a Schedule K-1, which sets forth McLaren's share of partnership income, among other information.[2] ECF No. 26-9 at 1. Of the six individual returns,

---

[2] Although a partnership must file an annual return to report partnership income, *i.e.*, IRS Form 1065, among other information, it does not pay income tax. *Tax Information for Partnerships*, Footnote Continued . . .

9

only one is signed and dated by McLaren, *i.e.*, the individual return for tax year 2007, dated October 15, 2008. *Id.* at 18. McLaren also contends "[o]f great importance" is the following entry in the Certificate of Assessment for tax year 2003:

10-5-2020      STATUTE EXPIRED
               CLEAR TO ZERO
               UNCOLLECTABLE AMOUNT OWED
               $ 359,230.90-

ECF No. 26-2 at 48. "Inexplicably," he observes, "that entry was reversed." ECF No. 36 at 2. He then announces: "The truth is that the Collection Statute had expired." *Id.* Alternatively, McLaren argues he should be provided "more time . . . to develop disputed facts." *Id.*

The crux of the Government's reply is McLaren's Response fails to overcome its *prima facie* case. As for whether McLaren timely filed his individual returns for tax years 2003 through 2009, the Government argues McLaren's "file copies" of his purportedly timely filed returns for those years, without more, "provide no basis for any conclusion of when they were filed." ECF No. 38 at 2. The Government then points out there is nothing more in the record evincing timely filing. *Id.* As to the October 5, 2020 entry in the Certificate of Assessment for tax year 2003

---

https://www.irs.gov/businesses/partnerships (last visited Nov. 16, 2021). Instead, a partnership's income passes through to the individual partners, who in turn must report their respective share of the partnership's income on their individual return, *i.e.*, IRS Form 1040. *Id.* Each individual partner officially learns of his passed-through share of partnership income via a copy of the partnership's Schedule K-1, which is a document submitted with the partnership's annual return. *Partner's Instructions for Schedule K-1 (Form 1065) (2020)*, https://www.irs.gov/instructions/i1065sk1 ("The partnership uses Schedule K-1 to report your share of the partnership's income, deductions, credits, etc. Keep it for your records. Do not file it with your tax return unless you are specifically required to do so. . . . The partnership files a copy of Schedule K-1 (Form 1065) with the IRS.") (last visited Nov. 16, 2021).

10

indicating the Government's ten-year collection window had expired, the Government asserts the entry is a clerical error, which the IRS subsequently corrected. *Id.* at 4. In support, the Government offers the Declaration (under penalty of perjury) of IRS Technical Advisor Brenda Mozie in which she explains the IRS's computer system automatically posted expiration of the collection window because the litigation transaction code for tax year 2003, reflecting the filing of the instant collection action on July 23, 2020, had not yet been entered. ECF No. 38-1 at 3–4. On March 25, 2021, she updated the 2003 Account Transcript to reflect the filing of the instant collection action. *Id.* at 4. Thus, the Government argues, while the erroneous entry "may be confusing, it does not undermine the United States' ability to collect the tax owed for 2003 . . . ." ECF No. 38 at 5. For all of these reasons, the Government contends McLaren's assertion the Government is outside the ten-year statutory collection window for tax year 2003 is baseless.

In the Report, the Magistrate Judge recommends the court grant the Government's motion for summary judgment. ECF No. 41 at 1, 7. The Magistrate Judge concluded the Government established a *prima facie* case McLaren has unpaid tax liability totaling $3,349,050.56, plus further accruing penalties and interest, by submitting Officer Hayes' Declaration and the Certificates of Assessment for each tax year at issue. *Id.* at 2, 5. The Magistrate Judge further concluded McLaren failed to carry his burden to proffer sufficient evidence to rebut the Government's *prima facie* case, and therefore, the Government is entitled to judgment as a matter of law. *Id.* at 5–7. In reaching this conclusion, the Magistrate Judge reasoned any assertions in McLaren's Response "cannot, without supporting evidence in the record, create a genuine issue of material fact," because the Response is not sworn, notarized, or declared under penalty of perjury. *Id.* at 6 n.1. As for the

11

documents purporting to be McLaren's "file copies" of the individual returns he asserts he timely filed for tax years 2003 through 2009, the Magistrate Judge reasoned: "[E]ven assuming that those returns were timely and contemporaneously completed (a dubious assumption considering only one of the returns—for 2007—is dated), McLaren points to no evidence in the record that the returns were actually submitted before 2011." *Id.* at 6.  Finally, given McLaren's failure to seek an extension of the discovery deadline in the second amended scheduling order, the Magistrate Judge rejected McLaren's argument he should be provided more time to develop disputed facts. *Id.* at 6 n.2.

Notably, the Magistrate Judge did not specifically address McLaren's defense the ten-year collection window had expired for each of tax years 2003 through 2009 prior to the Government filing the instant collection action because he timely filed his returns for those years.  Neither did the Magistrate Judge specifically address McLaren's defense to liability for tax year 2003 based upon the October 5, 2020 entry in the Certificate of Assessments for that year indicating the Government's ten-year collection window had expired.

McLaren makes three objections to the Report, the crux of which are as follows:  (1) the Magistrate Judge failed to address his defense to liability for tax year 2003 based upon the October 5, 2020 entry in the Certificate of Assessments for that year indicating the Government's ten-year collection window had expired; (2) the Magistrate Judge erred in concluding his file copies of the individual returns he asserts he timely filed for tax years 2003 through 2009 were insufficient to rebut the Government's *prima facie* case; and (3) the Magistrate Judge failed to address his

12

argument the Government's claims for tax years 2003 through 2009 are beyond IRC § 6502's ten-year collection window. ECF No. 43.

In response to McLaren's first objection, the Government contends the entry was a clerical error, later corrected, and of no evidentiary moment. ECF No. 44 at 2–3. In support, as discussed earlier, *supra* at 10, the Government relies upon the Declaration (given under penalty of perjury) of IRS Technical Advisor Brenda Mozie. ECF Nos. 38-1 at 3–4, 44 at 2–3. As to McLaren's second objection, the Government agrees with the Magistrate Judge that McLaren's purported file copies of the individual returns he asserts he timely filed for tax years 2003 through 2009 are insufficient to overcome its *prima facie* case for those years. ECF No. 44 at 2. In support the Government argues:

> Beyond his self-serving, uncorroborated declaration, McLaren provided no evidence – such as date-stamped envelopes, electronic postmarks, or other corroborating evidence – to show he actually *submitted* the returns to the IRS. *See* 26 U.S.C. 7502; 26 C.F.R. 301.7502-1. Without such proof, there is nothing to support McLaren's claim of timely filing and nothing to challenge the validity of the IRS assessments. As stated by [the Magistrate Judge], "Statements made based on mere 'belief' are not sufficient to demonstrate a genuine issue of material fact." ECF No. 41 at 6 n.1.

*Id.* For McLaren's last objection, the Government contended the Magistrate Judge's rejection of McLaren's assertion he timely filed his individual returns for tax years 2003 through 2009 inherently rejects McLaren's assertion this action for those years is time-barred. In order for McLaren to establish the Government's claims for tax years 2003 through 2009 are time-barred, the Government argues, McLaren must show error in the assessment dates, which he cannot do. *Id.*

After reviewing the parties' arguments, the record, the applicable law, and the Report of the Magistrate Judge, the court agrees with the Report's recommendation to grant the Government's motion for summary judgment and adopts it as supplemented herein. For purposes of analysis, the court takes up McLaren's second objection first, then his third objection, and finally his first objection.

The Magistrate Judge correctly concluded the Government met its burden to establish a *prima facie* case McLaren owes the amounts claimed in the Complaint (totaling $3,349,050.56 as of June 1, 2021, plus penalties and interest which continue to accrue) for tax years 2003 through 2009 and 2012 through 2015 through Officer Hayes' Declaration and exhibits attached to his Declaration, including the Certificates of Assessments for each tax year at issue. *Sarubin*, 507 F.3d at 816; ECF No. 26-2 at 3. Equally true, the Magistrate Judge correctly concluded McLaren failed to rebut the Government's *prima facie* case. His assertions of timely filing regarding his individual returns for 2003 through 2009 made in his Response, even on personal knowledge and belief, cannot be considered on summary judgment because he did not make them under oath or under penalty of perjury. See 28 U.S.C. § 1746(2); Fed. R. Civ. P. 56(1)(A)–(B); *Heart Solution, PC*, 923 F.3d at 315–16 (unsworn statement not given under penalty of perjury as set forth in 28 U.S.C. § 1746 cannot be considered on summary judgment); *Willard*, 776 F.2d at 102 n.3, 5 (citing 28 U.S.C. § 1746 as authority for holding unsworn Declarations made under penalty of perjury are permitted in lieu of affidavits on summary judgment). As for the evidentiary value of McLaren's purported file copies of his individual returns, he claims he timely filed for tax years 2003 through 2009, the Magistrate Judge soundly concluded they are insufficient to create a genuine issue of

14

material fact as to timely filing. Accordingly, McLaren's second objection to the Report is overruled. In this regard, the court notes the purported file copy of McLaren's individual return for 2003 is not even an individual return but a partnership return. Of the remaining six, only one is signed and dated by McLaren. Thus, with the exception of the signed and dated return (2007), at most, they can be considered evidence someone prepared tax returns for McLaren for those years at some point in time. None are competent evidence to establish McLaren timely filed individual tax returns for 2003 through 2009. McLaren's failure to rebut the Government's *prima facie* case he did not timely file individual returns for 2003 through 2009 dooms his time-bar defense for those years. Thus, the Magistrate Judge's failure to expressly address the defense is of no moment. Accordingly, McLaren's third objection to the Report is overruled.

Finally, the court overrules McLaren's first objection to the Report complaining the Magistrate Judge failed to expressly address his defense the October 5, 2020 entry in the Certificate of Assessment for tax year 2003 indicating the Government's ten-year collection window had expired precludes his liability for that tax year. McLaren suffered no harm by such failure because the defense is without merit. The Government proffered competent evidence, unrebutted by McLaren, the entry was a clerical error and later corrected. ECF No. 38-1 at 3–4 (Declaration of IRS Technical Advisor Brenda Mozie). Moreover, the Government's filing of the instant collection action on July 23, 2020, tolled as a matter of law the ten-year collection window set to close for tax year 2003 on September 28, 2020. 26 U.S.C. § 6502(a)(1).

**III.**

15

For the reasons set forth above, the court adopts the Report, ECF No. 41, as supplemented herein, and grants the Government's motion for summary judgment, ECF No. 26. Accordingly, the court orders judgment entered as follows: Judgment is entered in favor of the United States and against James R. McLaren in the amount of $3,349,050.56 for unpaid federal income taxes, interest, and penalties as of June 1, 2021, for tax years 2003 through 2009 and 2012 through 2015, plus interest and statutory additions accruing thereafter from June 1, 2021 to the date of payment in full, pursuant to 28 U.S.C. § 1961(c) and 26 U.S.C. § 6621.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
November 16, 2021